# In the United States Court of Federal Claims

| | |
|---|---|
| DEE MONBO, | |
|       Plaintiff, | |
| v. | No. 24-cv-2083 |
| THE UNITED STATES, | Filed: January 8, 2025 |
|       Defendant. | |

**ORDER**

On December 18, 2024, Plaintiff Dee Monbo, appearing *pro se*, filed this pre-award bid protest challenging the Medical and Education Training Campus's (METC) Solicitation for Advisory and Program Management Support (Solicitation). *See* ECF No. 1 (Complaint or Compl.); ECF No. 1-1 (Exhibits).[1] That same day, Plaintiff filed a "Motion for Leave to File Complaint and Exhibits Under Seal," asserting generally that her Complaint and Exhibits "contain sensitive Government Source Selection Documents"[2] as well as "confidential information on Dee Monbo and her affiliates" which has "economic value to Dee Monbo and her affiliates and provides an advantage over competitors." *See* ECF No. 2 (Motion to Seal or Mot.)

---

[1] Citations throughout this Order correspond to the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

[2] Pursuant to 41 U.S.C § 2101(7), "source selection information" is "information prepared for use by a Federal agency to evaluate a bid or proposal to enter into a Federal agency procurement contract, if that information previously has not been made available to the public or disclosed publicly," including, but not limited to, bid prices of sealed bids, proposed costs or pricing, source selection plans, technical evaluation plans, and evaluations of proposals.

at 1.[3]  Defendant did not file a response to Plaintiff's Motion to Seal.[4]

There is a strong presumption of public access to judicial proceedings and records. *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356–57 (Fed. Cir. 2011).  The trial court has discretion to determine whether to restrict public access to court documents, but that discretion "is circumscribed by the presumption that the public shall have access to those records absent a compelling justification for sealing." *Miller-Holzwarth, Inc. v. United States*, 44 Fed. Cl. 153, 154 (1999) (quoting *Pratt & Whitney Canada Inc. v. United States*, 14 Cl. Ct. 268, 274 (1988)).  The Court "must weigh the interests advanced by the parties in light of the public interest and the duty of the courts." *Monbo v. United States*, No. 24-890C, 2024 WL 4404387, at *2 (Fed. Cl. Oct. 4, 2024) (quoting *In re Violation of Rule 28(D)*, 635 F.3d at 1356).  The party filing a motion to seal bears the "heavy burden" to provide a "compelling justification" or "substantial reasons" which will overcome the presumption of public access.  *Torres Advanced Enter. Sols., LLC v. United States*, 135 Fed. Cl. 1, 4 (2017); *Monbo*, 2024 WL 4404387, at *2; *see also DePuy Synthes Prods., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1369 (Fed. Cir. 2021) (noting that the law is "substantially the same across circuits" in requiring "a strong justification to overcome the presumption of public access"); *cf. Miller-Holzwarth, Inc.*, 44 Fed. Cl. at 154 (citing *United States*

---

[3] Appendix C of the Rules of the United States Court of Federal Claims (Rules) outlines the procedures that litigants in bid protest cases must follow to file documents under seal.  *See* Rules, App'x C ¶¶ 4−7.  Appendix C requires that "[a] complaint or any related material filed together with the complaint that is to be filed under seal must be . . . marked or highlighted in such a way that confidential or proprietary information is indicated" and "accompanied by a proposed redacted version of the pleading (i.e., a version that omits confidential or proprietary information)." *Id.* ¶ 6.  Appendix C further notes that "[f]ailure to file a proposed redacted version may result in denial of the motion for leave to file under seal." *Id.* ¶ 6(b).  Here, Plaintiff failed to provide a proposed redacted version of the pleadings as required by Appendix C, and Plaintiff simply highlighted citations to Exhibits in her Complaint, along with one line in the publicly released pay table included in Exhibit 2.  *See infra* note 6; Exhibits at 25.

[4] Defendant's response to Plaintiff's Motion was due on January 2, 2025.

*v. Beckham*, 789 F.2d 401, 413 (6th Cir. 1986)) ("A trial court must set forth substantial reasons for denying access to its records."). For instance, a Court will deny public access to its records when the information in those records "might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Another example of a compelling justification for a court to seal a document arises in bid protest cases which "involve disputes over ongoing procurements," when "[t]he information at stake is current and its disclosure could affect that procurement." *Monbo*, 2024 WL 4404387, at *2.

Here, the disclosure of Plaintiff's Complaint and Exhibits would not "affect th[e] procurement," or "harm [Plaintiff's] competitive standing" and Plaintiff fails to otherwise provide a "compelling justification" or "substantial reasons" for this Court to seal her Complaint and Exhibits. *See id.*; *Nixon*, 435 U.S. at 598; *Torres Advanced Enter. Sols., LLC*, 135 Fed. Cl. at 4. Plaintiff broadly requests that this Court seal her Complaint and Exhibits, asserting that they "contain sensitive Government Source Selection Documents," and "confidential information on Dee Monbo and her affiliates" which has "economic value to Dee Monbo and her affiliates and provides an advantage over competitors." [5] Mot. at 1. However, Plaintiff fails to indicate the specific portions of her filings which contain such confidential information. *See Monbo*, 2024 WL 4404387, at *1 (noting that the exact same assertions "without more, did not explain why her complaint should be sealed). Further, Plaintiff's argument is undermined by the fact that she

---

[5] Notably, this Motion to Seal is nearly identical to a motion Plaintiff filed in another bid protest before this Court. *Compare* Mot., *with Monbo v. United States*, Case No. 23-788, "Motion for Leave to File Complaint and Exhibits Under Seal" (ECF No. 6). In that case, this Court granted Plaintiff's motion. *See Monbo v. United States*, Case No. 23-788, Order dated June 2, 2023 (ECF No. 10). However, that case involved a post-award challenge and Plaintiff's complaint there identified sensitive source selection information, including her proposed pricing offer. Further, there, Plaintiff filed a redacted version of her complaint marking the specific information she sought to redact.

3

publicly filed the Complaint and Exhibits with only very minor amendments with her "Motion for Leave to File Amended Complaint" on December 30, 2024.  *See* ECF No. 10.

Indeed, even undertaking its own review of the documents and construing *pro se* Plaintiff's filings liberally, this Court cannot identify any sensitive information, the disclosure of which would affect this Solicitation or otherwise cause harm.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).  Plaintiff's Complaint includes general information regarding the Solicitation, including a comparison of the Service Contract Act (SCA) Pay Rates included in the Solicitation against 2024 General Schedule (GS) Pay Rates for the same roles, and references to the Exhibits.  The Exhibits attached to the Complaint include the Performance Work Statement from the Solicitation (Exhibit 1); the Locality Pay Table for San Antonio-New Braunfels-Pearsall, TX (Exhibit 2);[6] Wage Determination No. 2015-5253 under the McNamara-O'Hara Service Contract Act of 1965 (SCA), 41 U.S.C. §§ 6701–6707 (Exhibit 3);[7] an METC Organization Chart dated July 19, 2024, (Exhibit 4);[8] a table outlining historical pay

---

[6] GS Pay Tables are published on the U.S. Office of Personnel Management website.  *See* 2024 General Schedule (GS) Pay Tables, https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2024/general-schedule.

[7] The Wage Determination is publicly available on the System for Award Management e-procurement system.  *See* Wage Determinations, Service Contract Act WD # 2015-5253, https://sam.gov/wage-determination/2015-5253/24.

[8] The METC Organization Chart is labeled as Confidential Unclassified Information (CUI).  *See* Compl., Exhibit 4 at 36−39 (ECF No. 1-1).  However, even if by Plaintiff's broad, conclusory statement that the Complaint includes "sensitive Government Source Selection Documents," she intended to refer to this Organization Chart, Plaintiff does not explain how this chart is a "sensitive Government Source Selection document[]" given that it is not "information prepared for use by a Federal agency to evaluate a bid or proposal." 41 U.S.C § 2101(7).  Further, Plaintiff does not explain how the disclosure of this information will affect or interfere with the ongoing procurement, nor does she point to specific information that should be redacted.  Additionally, the Government did not respond to Plaintiff's Motion and has therefore not indicated any opposition to the disclosure of this information.

rates for certain roles under the SCA (Exhibit 5);[9] and the Alternative Plan for Pay Adjustments for Federal Civilian Employees issued by President Biden on August 31, 2023 (Exhibit 6).  *See* Mot.  None of this information included in the Complaint and Exhibits could reasonably be construed as "confidential information on Dee Monbo and her affiliates" that would cause damage if disclosed to a competitor.  Mot. at 1.  Further, Plaintiff has failed to explain how the disclosure of this information would cause any harm or "affect the ongoing procurement."  *Monbo*, 2024 WL 4404387, at *2.  The only information in Plaintiff's Complaint and Exhibits that is not publicly available or available to all participants in the procurement is the METC Organization Chart, which pertains to Defendant and its employees.  Absent any indication from Defendant that this information should remain sealed, the Court declines to upend the strong presumption of access to judicial proceedings and records.  *In re Violation of Rule 28(D)*, 635 F.3d at 1356.

In sum, "weigh[ing] the interests advanced by the parties in light of the public interest and the duty of the courts," Plaintiff has failed carry her burden.  *Monbo*, 2024 WL 4404387, at *2.  Plaintiff fails to identify any portion of her Complaint and Exhibits that contains sensitive, confidential information or explain why the disclosure of any information included in those documents would affect this procurement or otherwise cause harm.  *See id.*; *Torres Advanced Enter. Sols., LLC*, 135 Fed. Cl. at 4.

---

[9] As noted above, this information is publicly available given that SCA Pay Rates are published on the System for Award Management e-procurement system.  *See* Wage Determinations, https://sam.gov/wage-determinations.

## **CONCLUSION**

Accordingly, Plaintiff's Motion to Seal (ECF No. 2) is **DENIED**.  The Clerk of Court is **DIRECTED** to unseal Plaintiff's Complaint and Exhibits (ECF Nos. 1, 1-1).

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

6